IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                         Crim. No. 16-03217 MV

BENEDICT ANTHONY SENA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Benedict Anthony Sena's Motion and Memorandum to Compel Disclosure of Evidence. Doc. 65. The government filed a Response [Doc. 70] and Mr. Sena filed a Reply [Doc. 72]. Having considered the Motion, relevant law, and being otherwise fully informed, the Court finds that the Motion is well-taken and accordingly will be **GRANTED** in part.

### BACKGROUND

Mr. Sena is charged with four counts of Aggravated Sexual Abuse of a Minor, in violation of 18 U.S.C. sections 1153, 2241(c), and 2246(2)(C). Doc. 1. All four counts are alleged to have taken place in Indian Country between January 1, 2016 and February 15, 2016. On March 13, 2019, Mr. Sena filed the instant Motion and Memorandum to Compel Disclosure of Evidence. Doc. 65. In his Motion, he lists five categories of evidence sought:

1. Curriculum Vitae and interrogation training course history of the Bureau of Indian Affairs (BIA) Agents, Clendinin and RoAnna Bennet, who conducted the April 25, 2016 interview and portions of the June 6, 2016 interview.

2. Investigative notes taken of any interviews of Mr. Sena by government agents or law

enforcement officers that have not previously been provided to the Defense.

3. Any family or children neglect or abuse reports on Renae Willie and her children from 2013 to the present by Acoma Social Services, Acoma Police Department, or an equivalent source.

4. Any New Mexico Children, Youth, and Families Department (CYFD) reports on Renae Willie or her children from 2013 to the present.

5. Any government (state, BIA, federal, APD, FBI, HIS) agent's notes of interviews of persons who are or may be witnesses at hearing or at trial.

Doc. 65 at 4. In arguing that notes taken of potential government witness statements or law enforcement officers are relevant and material, Mr. Sena states that the notes may assist the parties reach a resolution by plea agreement and may serve judicial economy, citing the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and *Strickland v. Washington*, 466 U.S. 688 (1984). *Id*. at 4–5. He points to four cases within the Tenth Circuit in which he asserts that early production of investigative notes containing statements from government witnesses and from the accused have been ordered. *Id*. at 5. He also bases his argument for the production of this evidence on *Brady v. Maryland*, 73 U.S. 83 (1963), *Kyles v. Whitley*, 514 U.S. 419 (1955), and *Giglio v. United States*, 405 U.S. 150 (1972). *Id*. at 7.

On April 1, 2019, the government filed a Response [Doc. 70] in which it addresses each category of information sought by Mr. Sena. As to the first category, the government disputes the relevance of the Curriculum Vitae or training information for any agent involved in conducting the interviews. *Id*. at 1. The government states that instead, the determination of whether Mr. Sena's statements to the agents were voluntary is determined by considering: "(1) the defendant's age, intelligence, and education; (2) the length of the detention and interrogation; (3) the length

and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subjected to or threatened with any physical punishment." *Id*. (citing *United States v. Carrizales-Toledo*, 454 F.3d 1142, 1153 (10th Cir. 2006)). As to the second category, the government maintains that it has already produced notes taken by FBI Special Agent Jennifer Sullivan during her interview of Mr. Sena. *Id*. at 2. It is not aware of other relevant notes that this time, but confirms that if additional such notes are discovered, they will be produced to the Court for *in camera* inspection. *Id*. As to the third and fourth categories, the government states that any neglect reports, abuse reports, or reports to CYFD are not within the possession or control of the government, and further argues that any reports of incidents that occurred after the charged acts are not relevant. *Id*. at 2–3. With respect to the final category, the government states that if any agent interview notes aside from those already disclosed are found or obtained, they will be produced for an *in camera* review. *Id*. at 3.

On April 15, 2019, Mr. Sena filed a Reply. Doc. 72. He first maintains that any trainings, Curriculum Vitae, or employment history of the agents are relevant to the determination of whether Mr. Sena's statements or his waiver of rights were knowingly and voluntarily made. *Id*. at 1. He believes this review of the totality of the circumstances will show an "intellectual imbalance." *Id*. He further argues that it is reasonable for the government to submit for *in camera* inspection all "investigative notes" from interrogations of Mr. Sena as well as of government witnesses because the government "had a substantial and prejudicial headstart on the Defense in witness interaction and developing relationships." *Id*. at 2. He also argues that reports by Acoma Social Services, Acoma Police Department, or CYFD contain information that is "relevant and exculpatory." *Id*. at 2. He further maintains that any government agent notes should be disclosed, at a minimum, to the Court for *in camera* inspection.

## DISCUSSION

### I. Legal Standard

There is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The government, however, must make the disclosures required by due process under *Brady v. Maryland*, 373 U.S. 83 (1963), and by the Federal Rules of Criminal Procedure.

Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that "[u]pon defendant's request, the government must permit the defendant to inspect and to copy" documents "within the government's possession, custody, or control" if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). However, a defendant is presumptively not entitled to "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" or material covered by the Jencks Act. Fed. R. Crim. P. 16(a)(2). *See also* 18 U.S.C. § 3500.

The Supreme Court has explained that, in the context of Rule 16, evidence "material to preparing the defense" refers specifically to arguments that respond "to the Government's case in chief" rather than simply any argument that might ultimately prevent a conviction. *United States v. Armstrong*, 517 U.S. 456, 462 (1996). *See also United States v. Lujan*, 530 F. Supp. 2d 1224, 1234 (D.N.M. 2008) ("The term 'defense' means an argument in response to the prosecution's case-in-chief, *i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged."). Given this definition of materiality, nothing in Rule 16 or *Armstrong*

conflicts with the government's obligation under *Brady* and its progeny. *See, e.g.*, *Smith v. Cain*, 132 S. Ct. 627, 630 (2012) ("Under *Brady,* the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment."). For purposes of Rule 16(a)(1)(E)(i), materiality "means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *See United States v. Burger*, 773 F. Supp. 1419, 1424 (D. Kan. 1991) (citation omitted). Rather, "there must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *Id.* (citation omitted); *see also United States v. Lloyd*, 992 F.2d 348, 350–51 (D.C. Cir. 1993).

Where a defendant requests undisclosed evidence from the government, a "defendant must make a prima facie showing of materiality." *Lujan*, 530 F. Supp. 2d at 1234. However, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). While this burden is not a heavy one, "the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense." *United States v. Jordan,* 316 F.3d 1215, 1250 (11th Cir. 2003) (internal quotation marks omitted).

Rule 16 only requires production of information within the government's "possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). *Brady* only requires the disclosure of information that can be said to be within the government's possession or knowledge, either actual or constructive. *Lujan*, 530 F.Supp.2d at 1231 (citing *United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999)). While the government may not circumvent *Brady* requirements by remaining ignorant of the information available, it does not have "an affirmative duty under *Brady* to seek

out information that is not in its or its agents' possession." *Id.* (citing *United States v. Graham*, 484 F.3d 413, 415–18 (6th Cir. 2007)).

## II. Analysis

### a. Curriculum Vitae or Trainings of Agents or Law Enforcement Officers

The Court does not find that Mr. Sena is entitled to the requested Curriculum Vitae, training history, or employment history for any of the agents or law enforcement officers involved in the interviews. Mr. Sena argues that the interviewing agents' backgrounds are relevant to the determination of whether his statements were voluntary. Doc. 72 at 1. However, the question of voluntariness turns on whether statements were elicited by "physical or psychological coercion such that the defendant's will was overborne." *United States v. Carrizales-Toledo*, 454 F.3d 1142 (10th Cir. 2006) (quoting *United States v. Rith*, 164 F.3d 1323, 1333 (10th Cir. 1999)). As the government points out, the Tenth Circuit has laid out five factors for courts to consider in a voluntariness inquiry: "(1) the age, intelligence, and education of the defendant; (2) the length of [any] detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of [his or] her constitutional rights; and (5) whether the defendant was subjected to physical punishment." *Id.* (quoting *United States v. Glover*, 104 F.3d 1570, 1579 (10th Cir. 1997)). The training, background, or employment history is not relevant to this inquiry, and accordingly the Court does not find that the government shall be compelled to disclose this information.

### b. Law enforcement Investigative Notes Related to Interviews of Mr. Sena

As to investigative notes relating to interviews of Mr. Sena, the government maintains that it has already produced notes taken by FBI Special Agent Jennifer Sullivan during her interviews of Mr. Sena. Doc. 70 at 2. The government states that it is not aware of any other relevant notes, but agrees that if any other relevant notes are discovered, they will be produced or submitted to

the Court for *in camera* inspection. *Id*. Accordingly, any other relevant investigative notes from interviews of Mr. Sena, if discovered, shall be produced if they document statements by Mr. Sena, or at a minimum, provided to the Court for *in camera* inspection.

### c. Neglect or Abuse Reports Regarding Renae Willie or Her Children from 2013 to Present & New Mexico CYFD Reports on Renae Willie or Her Children from 2013 to Present

Citing the Federal Rules of Criminal Procedure, the government asserts that it is not in control or possession of either of these categories of information. Doc. 70 at 2. It also argues that such reports of alleged acts after the 2016 acts forming the basis of the charges are not relevant to "acts Defendant previously committed." *Id*. at 2–3. Any reports regarding the incidents in question would be relevant and discoverable. If the government does not possess such information, it does not have an "affirmative duty to "take action to discovery information which it does not possess." *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975)). However, should such reports come into the possession or control of the government, the government shall immediately disclose them to Mr. Sena.

### d. Government Agents' Notes from Interviews of Potential Witnesses

Defense counsel argues that the early production by the government to the defense of investigative notes containing statements by the accused or other government witnesses has been ordered in several cases within the Tenth Circuit. Doc. 65 at 5. In *Lujan*, the court ordered the government to review rough interview notes of law enforcement officers and agents pertaining to the case to determine whether any would be subject to disclosure. 530 F.Supp.2d at 1267. If any notes presented a close question as to whether they were subject to disclosure, the government was

7

to present those notes to the court for *in camera* inspection. *Id*. In *United States v. Jackson*, the court ordered the government to submit interview notes for *in camera* inspection ten days prior to trial so that the court could determine whether the witnesses adopted the statements for purposes of the Jencks Act. 850 F.Supp. 1481, 1509 (D. Kan. 1994). If the notes were producible, they would be provided to the defendant after direct examination of the witnesses, unless the government agreed to an earlier disclosure. *Id*.

However, the Court notes that the other cases cited by defense counsel in support of his argument were not on point. In *United States v. Goxcon-Chagal*, the court was analyzing defendants' ability to present their own statements through other witnesses in the context of evidentiary rules including the rule of completeness and hearsay. No. CR 11-2002-JB, 2012 WL 3249473 (Aug. 4 2012). With respect to *United States v. Fred*, while defense counsel did not specify the exact order to which he was referring, the Memorandum Opinion and Order on the defendant's Motion to Compel was denied on the basis that some of the information was not in the government's possession, custody, or control, and because production of the information was not required under *Jenks v. United States* or Rule 16 of the Federal Rules of Criminal Procedure. CR 05-801—JB, Doc. 88 at 1. The Court also notes that defense counsel did not provide the correct citation to authority for the premise that government agents and law enforcement officers, pursuant to law enforcement standards and protocols, are trained to maintain relevant evidence during pendency of any case. *See* Doc. 65 at 5.

The government contends that Mr. Sena's request for any government agent's notes is overbroad but, consistent with the Jencks Act, if any such notes are produced to the government, it will submit them to the court for *in camera* inspection. Doc. 70 at 3. Mr. Sena maintains that the production of these notes for *in camera* inspection is reasonable. Doc. 72 at 2–3. Although

Rule 16(a)(2) prohibits the disclosure of "reports, memoranda, or other internal government documents" made by an investigating agent, "rough interview notes may nevertheless be discoverable under *Brady* if the defendant shows that the notes are exculpatory and material." *Lujan*, 530 F.Supp.2d at 1265. The government may also be required to produce such notes or reports after direct examination of a witness if they constitute "statements" by the witness under the Jencks Act. *Id*. (citing 18 U.S.C. § 3500). They might constitute "statements" under the Act if they are a "substantially verbatim" record of the witness's statement and are "recorded contemporaneously with the interview." *United States v. Jackson*, 850 F.Supp. 1481, 1508 (D. Kan. 1994) (quoting *United States v. Smith*, 984 F.2d 1084, 1086 (10th Cir. 1993)). However, notes or reports that contain only the agents own "epitomization, interpretation, or impression of an interview are not producible." *Id*. (quoting *United States v. Rewald*, 889 F.2d 836, 867 (9th Cir. 1989)) (citation omitted).

It is up to the court to characterize the report, which it may do through an *in camera* review of the purported statement. *Id*. The court should determine whether the statement "can fairly be deemed to reflect fully and without distortion the witness's own words." *Id*. (citing *United States v. Morris*, 957 F.2d 1391, 1401 (7th Cir.)) (citation omitted). Accordingly, any such notes in the government's possession or control shall be produced to the Court for *in camera* review in the next 30 days. The Court will inspect any notes or reports to determine whether the witnesses adopted the statements for purposes of the Jencks Act. If the court finds such notes or reports contain witness statements consistent with the Jencks Act, they will be produced to Mr. Sena after direct examination of the witness.

**CONCLUSION**

Mr. Sena is not entitled to disclosure of Curriculum Vitae or training information pertaining to agents or law enforcement officers. However, any investigative notes related to interviews of Mr. Sena not yet produced shall be disclosed to him if they document his statements; they shall otherwise be produced to the Court for *in camera* inspection. Any relevant neglect reports, abuse reports, or New Mexico CYFD reports that come into the possession or control of the government shall be disclosed to Mr. Sena. Any notes by government agents from interviews of potential witnesses that are in the government's possession or come into the government's possession shall be produced to the Court for *in camera* inspection in the next thirty [30] days. Accordingly, Mr. Sena's Motion and Memorandum to Compel Disclosure of Evidence [Doc. 65] is hereby **GRANTED** in part.

ENTERED this 30th day of April, 2019.

                                                                                            _____
                                                                                            MARTHA VÁZQUEZ
                                                                                            UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| John F. Moon Samore | Michael D. Murphy |
| CJA ATTORNEY | ASSISTANT UNITED STATES ATTORNEY |
| *Attorney for Mr. Sena* | *United States Attorney* |